LOUIS GOLDSTEIN *vs.* MARJORIE SCALA.

NOVEMBER 14, 1963.

PRESENT: Condon, C. J., Roberts, Powers and Joslin, JJ.

POWERS, J.  This is an action in assumpsit to recover an alleged unpaid balance due for materials and labor furnished

to the defendant pursuant to a written contract entered into between the parties. The case was tried to a superior court justice, sitting with a jury, and resulted in a verdict for the plaintiff. It is before us on the defendant's bill of exceptions.

The defendant has argued and briefed only two of her exceptions and therefore her other exceptions are deemed to be waived.

The record discloses that on or about June 12, 1959, plaintiff, an electrical contractor, and defendant entered into a written contract by the terms of which plaintiff was to make certain repairs and installations on premises owned by defendant. It was agreed that in return for labor and materials, as well as supervision furnished by the contractor, defendant was to pay the sum of $2,310.

Pursuant to the contract one half was paid when the agreement was signed; one quarter when the service was completed; but the remaining quarter, payable when the work had been officially approved by the city inspector, was not paid when due. Although official approval had been given, defendant refused to pay the remaining 25 per cent because, she testified, completion of the work within a reasonable time was a condition upon which the contract had been made.

It is also her testimony that before signing the contract and making the initial payment, she received assurance from plaintiff that completion of the work would not require more than two months.

It appears that the premises in question were an apartment house having some ten separate apartments. A significant feature of the work to be done was to provide each apartment with a separate meter, plaintiff believing that by this means she would effect substantial savings as landlord.

The record further discloses that plaintiff commenced work some three weeks after the contract had been signed,

but final approval was not given by the city authorities until March 28, 1960.

The plaintiff testified, however, that the work for which he was responsible under the contract had been completed on or about December 10, 1959, and would have been completed earlier except for defendant's lack of cooperation.

The balance was not paid when the work was approved on March 28, 1960 and plaintiff commenced suit eight days later.

The jury found for plaintiff in the amount allegedly due, together with interest from January 1, 1960, the date on which it found the work to have been completed.

The defendant's exceptions relate to the exclusion of testimony which she sought to elicit from plaintiff during cross-examination in one instance and from the direct examination of her bookkeeper in the other. It is her position that the excluded testimony would have tended to prove that the work covered by the contract was not completed within a reasonable time. The rulings of the trial justice are therefore prejudicial, she contends, for the reason that plaintiff's failure to finish the job within a reasonable time resulted in obligating her to pay the monthly electric bills of her tenants for some months beyond a date when the work should have been completed.

The first such question to which objection was sustained attempted to secure plaintiff's opinion as to whether six months was such a reasonable time.

Assuming without deciding that a party to the proceedings may be required to give his opinion, it is clear from a reading of the transcript that the sustaining of plaintiff's objection did not constitute prejudicial error. It was his repeated testimony that the completion of the work had been unduly prolonged by defendant's continued lack of cooperation. In these circumstances it becomes readily apparent that plaintiff's response to the question would not have aided defendant's position. Indeed, the ruling may

have been more to her benefit than otherwise. Hence she takes nothing by her exception. *Boston Foundry Co.* v *Whiteman,* 31 R. I. 88.

The second exception is directed to the sustaining of an objection to a question wherein defendant's bookkeeper was asked whether defendant was required to pay electric bills for the entire apartment house after August 15, 1959.

Again, it is apparent that the jury was well aware of the fact that defendant was liable for the cost of all electricity supplied to the house until the single meter system was replaced by the system installed pursuant to the contract. Indeed the record clearly shows that plaintiff's own case aided the jury in understanding that the replacement of the single meter for the entire apartment house by a separate meter for each apartment was a substantial, if not the principal, reason motivating defendant to contract for the work in the first instance.

We fail to see, therefore, how the exclusion of the testimony constitutes error sufficient to warrant a reversal of the trial justice's ruling. *Warren* v. *Warren,* 33 R. I. 71.

All of the defendant's exceptions are overruled, and the case is remitted to the superior court for entry of judgment on the verdict.

*David Hassenfeld,* for plaintiff.

*Abedon, Michaelson and Stanzler, Richard A. Skolnik,* for defendant.